**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH FORS, | ) | |
| individually and on behalf of | ) | |
| a class of persons similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | 12 CV 4827 |
| | ) | |
| v. | ) | Jury Trial Demanded |
| | ) | |
| CONCEPTS AMERICA, INC., | ) | |
| an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Joseph Fors ("Fors" or "Plaintiff"), individually and on behalf of a class of

persons similarly situated, through his attorneys, complains against Defendant Concepts

America, Inc., an Illinois corporation ("Defendant") as follows:

INTRODUCTION

1.  Plaintiff is a former employee of Defendant who filed this class and collective

action lawsuit because Defendant did not pay him the full and proper amount of wages for all

time he worked for Defendant. Defendant's practice was to improperly manipulate Plaintiff's

time records by shaving or deleting time from the time actually worked by Plaintiff, thereby

failing to pay Plaintiff for all time he worked. Defendant also failed to pay Plaintiff the proper

amount of overtime wages earned and owed to him, because Defendant paid Plaintiff at a rate of

1.5 times the reduced, tip-credit rate, rather than 1.5 times the full amount of minimum wage,

less the tip credit. Plaintiff seeks class certification of the claims under Illinois law brought on

behalf of similarly situated Illinois employees and collective action certification for those hourly

employees who worked for Defendant outside of Illinois.

## THE PARTIES AND JURISDICTION

2.      Plaintiff, on behalf of himself and all other similarly situated employees outside of Illinois, brings Counts I and II to recover from Defendant unpaid minimum and/or overtime wages, liquidated damages, statutory penalties, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, Plaintiff, on behalf of himself and all other similarly situated Illinois employees, seeks to recover from Defendant unpaid minimum and/or overtime wages, liquidated damages, statutory penalties, attorneys' fees and costs pursuant to the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* (Counts III and IV), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* (Counts V and VI).

3.      Jurisdiction is conferred by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), on the basis of federal question jurisdiction, as the matter concerns an action arising under the laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this Court as the illegal conduct alleged herein occurred in this district.

5.      Plaintiff Fors is a resident of Wheaton, Illinois and is a former non-exempt employee of Defendant.  Fors worked at Defendant's restaurant known as The Grillroom located in Chicago, Illinois.

6.      Upon information and belief, Defendant Concepts America, Inc. ("Defendant") is an Illinois corporation which operates several restaurants in Chicago and throughout the country, which operate under various names including The Grillroom, Midtown, One North, Townhouse, Primebar, Red Star Tavern, and Blue Point.

2

7.     The paychecks Defendant issued to Plaintiff were issued by Concepts America and not The Grillroom.  Upon information and belief, paychecks Defendant issued to employees who worked at Defendant's various restaurants reflected that the payor was Concepts America rather than the particular restaurant.

8.     This lawsuit includes employees who worked at Defendant's restaurants which are now closed but which operated during the relevant statutory period.

9.     Plaintiff Fors is a former employee of Defendant.  Plaintiff Fors worked at the Defendant's restaurant known as The Grillroom as a bartender.

10.    At all relevant times, Plaintiff was compensated through hourly wages and, in some instances, tips.

11.    At all relevant times, Plaintiff has been an "employee" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e); and Section 3(d) of the IMWL, 820 ILCS § 105/3(d), and Section 2 of the IWPCA, 820 ILCS § 115/2.

12.    Section 3(m) of the FLSA, 29 U.S.C § 203(m), and Section 4(c) of the IMWL, 820 ILCS § 105/4(c), provide that in computing the minimum wage to be paid to an employee, for those employees who qualify as tipped employees under the FLSA or the IMWL, Defendant is allowed to treat as wages paid by Defendant tips received by those employees up to a certain amount (the "Tip Credit").  Those employees who are or have been paid less than the applicable statutory minimum wage because of Defendant's elections to use the Tip Credit are referred to herein as "Tip Credit Employees."

13.    At all relevant times, Plaintiff worked as a Tip Credit Employee for Defendant.

## DEFENDANT'S POLICY OF FAILING TO PAY
## ITS HOURLY EMPLOYEES FOR ALL TIME WORKED

14.     Pursuant to Defendant's compensation practices, Defendant directed its hourly employees, including Plaintiff, to record their time worked for Defendant via Defendant's computerized time-keeping system.

15.     Defendant has a policy and practice of failing to pay its hourly employees, including Plaintiff, for all time they actually worked, by improperly manipulating the time records of its hourly employees and "shaving" or deleting time worked from the employees' time records.

16.     Defendant's policy and practice of shaving time from its hourly employees' time records has resulted in said hourly employees, including Plaintiff, not being paid the full amount of wages earned by those employees for all time they worked for Defendant.

17.     Defendant's manipulation of its hourly employees' time records has caused the hourly employees, including Plaintiff, to work without pay, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and, with respect to Defendant's Illinois employees, the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* (the "IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* (the "IWPCA").

18.     Defendant's failure to compensate Plaintiff and other hourly employees at the full amount of their agreed-upon wage for all time worked has caused Plaintiff and other hourly employees to suffer harm.

19.     Defendant's hourly employees, including Plaintiff, are entitled to receive the proper amount of compensation for all time they worked.

20.     Defendant uses a timekeeping system which records its hourly employees' exact clock-in and clock-out times, to the precise minute.

4

21.     Defendant improperly manipulated its hourly employees' time records by "shaving" or deleting time from the time records reflecting hours actually worked by them.

22.     Upon information and belief, Defendant's improper manipulations of its hourly employees' time records can be identified via processes available through Defendant's time-keeping software and programs.

23.     The net effect of Defendant's policies and practices is that Defendant willfully failed to pay regular and overtime compensation to its hourly employees, including Plaintiff, and willfully failed to keep accurate time records to save payroll costs.  Defendant thus enjoyed ill-gained profits at the expense of its hourly employees.

24.     Defendant's policy and practice of failing to pay its hourly employees, including Plaintiff, for all time they actually worked, by improperly manipulating the time records of its hourly employees and "shaving" or deleting time worked from their time records, has caused and continues to cause Plaintiff and other similarly situated hourly employees to work without pay, in violation of Section 6 of the FLSA, 29 U.S.C. § 206, Section 4 of the IMWL, 820 ILCS § 105/4, and Section 4 of the IWPCA, 820 ILCS § 115/4.

25.     Defendant's policy and practice of failing to pay its hourly employees, including Plaintiff, for all time they actually worked, by improperly manipulating the time records of its hourly employees and "shaving" or deleting time worked from their time records, has caused and continues to cause Plaintiff and other similarly situated hourly employees to work in excess of forty hours per week without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207, Section 4a of the IMWL, 820 ILCS § 105/4a, and Section 4 of the IWPCA, 820 ILCS § 115/4.

5

26.     Defendant's failure to compensate its hourly employees with the full amount of the applicable minimum wage or overtime wage has caused Plaintiff and other similarly situated employees to suffer harm.

27.     Defendant's hourly employees are entitled to compensation for all time they worked in any given workweek.

DEFENDANT'S FAILURE TO PAY THE PROPER AMOUNT<br>OF OVERTIME WAGES TO ITS TIP CREDIT EMPLOYEES

28.     Plaintiff and other Tip Credit Employees at times worked in excess of forty hours per week for Defendant in a given workweek.

29.     Defendant has a policy and practice of failing to pay the proper amount of overtime wages to its Tip Credit Employees, including Plaintiff, in violation of Section 7 of the FLSA, 29 U.S.C. § 207, Section 4a of the IMWL, 820 ILCS § 105/4a, and Section 4 of the IWPCA, 820 ILCS § 115/4.

30.     Defendant's failure to pay the correct amount of overtime wages to its Tip Credit Employees, including Plaintiff, is apparent from a calculation of the overtime rate reflected on Plaintiff's paycheck stubs.  Plaintiff's paycheck stubs received during his employment by Defendant show an incorrect calculation.  Defendant paid Plaintiff one and one-half times the reduced, tip-credit rate, for all time he worked in excess of forty hours per week, rather than one and one-half times the full amount of minimum wage, less the amount of the Tip Credit.

31.     Defendant's policy and practice of failing to pay its Tip Credit Employees, including Plaintiff, the proper amount of overtime wages for all time they worked in excess of 40 hours per workweek, has caused and continues to cause Plaintiff and other similarly situated Tip Credit Employees to work in excess of forty hours per week without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by

Section 7 of the FLSA, 29 U.S.C. § 207, Section 4a of the IMWL, 820 ILCS § 105/4a, and

Section 4 of the IWPCA, 820 ILCS § 115/4.

32.     Defendant's failure to compensate its Tip Credit Employees with the full amount

of the applicable overtime wages due to them has caused Plaintiff and other similarly situated

employees to suffer harm.

33.     Defendant's Tip Credit Employees, including Plaintiff, are entitled to the full and

proper amount of overtime compensation due for all time they worked in excess of forty hours in

any given workweek.

<u>DEFENDANT'S IMPROPER TAKING OF THE TIP CREDIT</u>

34.     Section 3(m) of the FLSA, 29 U.S.C. § 203(m), provides:

In determining the wage an employer is required to pay a tipped employee, the
amount paid such employee by the employee's employer shall be an amount equal to—

**(1)** the cash wage paid such employee which for purposes of such
determination shall be not less than the cash wage required to be paid such an
employee on August 20, 1996; and

**(2)** an additional amount on account of the tips received by such employee
which amount is equal to the difference between the wage specified in
paragraph (1) and the wage in effect under section 206 (a)(1) of this title.

The additional amount on account of tips may not exceed the value of the tips
actually received by an employee. The preceding 2 sentences shall not apply
with respect to any tipped employee unless such employee has been informed
by the employer of the provisions of this subsection, and all tips received by
such employee have been retained by the employee, except that this
subsection shall not be construed to prohibit the pooling of tips among
employees who customarily and regularly receive tips.

35. The Tip Credit provision of the IMWL, 820 ILCS § 105/4(c), provides:

Every employer of an employee engaged in an occupation in which gratuities
have customarily and usually constituted and have been recognized as part of
the remuneration for hire purposes is entitled to an allowance for gratuities as
part of the hourly wage rate provided in Section 4, subsection (a) in an amount
not to exceed 40% of the applicable minimum wage rate. The Director shall

require each employer desiring an allowance for gratuities to provide substantial evidence that the amount claimed, which may not exceed 40% of the applicable minimum wage rate, was received by the employee in the period for which the claim of exemption is made, and no part thereof was returned to the employer.

36.     At all relevant times, Plaintiff Fors worked at Defendant's restaurant known as The Grillroom as a bartender, where he was paid pursuant to the Tip Credit provisions of the FLSA and the IMWL.

37.     Defendant failed to pay the proper amount of wages due to Plaintiff and other Tip Credit Employees, due to its practices of improperly manipulating those employees' time records and "shaving" or deleting time worked from their time records, and failing to pay the proper amount of overtime wages to its Tip Credit Employees.

38.     Defendant is not allowed to take the Tip Credit because, as alleged herein Defendant failed to pay the proper amount of wages to Plaintiff and other Tip Credit Employees.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

39.     Plaintiff brings Count I of this Complaint as a collective action on behalf of himself and all other current and former hourly employees of Defendant who worked outside Illinois who Defendant failed to properly pay due to its practice of improperly shaving those employees' time records.

40.     Plaintiff's counsel seeks to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendant as employees who were compensated, in part or in full, on an hourly basis throughout the United States at any time between June 18, 2009 and the present who did not receive the full amount of minimum wage and/or overtime wages earned and owed to them.

41.     Plaintiff brings Count II of this Complaint as a collective action on behalf of himself and all other current and former Tip Credit Employees of Defendant who were not paid all overtime wages earned and owed to them.

42.     Plaintiff's counsel seeks to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendant as Tip Credit Employees throughout the United States at any time between June 18, 2009 and the present who did not receive the full amount of overtime wages earned and owed to them.

43.     There are questions of law or fact common to the employees described in paragraphs 40 and 42.

44.     Plaintiff is similarly situated to the employees described in paragraphs 40 and 42, as Plaintiff's claims are typical of the claims of those persons.

45.     Plaintiff's claims or defenses are typical of the claims or defenses of the persons described in paragraphs 40 and 42.

46.     This is not a collusive or friendly action.  Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and his counsel will fairly and adequately protect the interests of the persons described in paragraphs 40 and 42.

47.     A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Counts I and II.

48.     At all relevant times, Defendant employed Plaintiff and the persons described in paragraphs 40 and 42.

49.     At all relevant times, Defendant paid Plaintiff and the persons described in paragraphs 40 and 42 to work.

50.    At all relevant times, Defendant has been an "employer" as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

51.    At all relevant times, Plaintiff and the persons described in paragraphs 40 and 42 have been "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

<u>CLASS ACTION ALLEGATIONS</u>

52.    Plaintiff brings Counts III and V as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other current and former hourly Illinois employees of Defendant who Defendant failed to properly pay due to its practice of improperly shaving those employees' time records.

53.    Plaintiff seeks certification of the following class pursuant to Count III:

> All persons who worked for Defendant as employees who were compensated, in part or in full, on an hourly basis in Illinois at any time between June 18, 2009 and the present who did not receive the full amount of regular or overtime wages earned and owed to them (the "IMWL Time Shaving Sub-Class").

54.    Plaintiff seeks certification of the following class pursuant to Count V:

> All persons who worked for Defendant as employees who were compensated, in part or in full, on an hourly basis in Illinois at any time between August 16, 2002 and the present who did not receive the full amount of regular or overtime wages earned and owed to them pursuant to Defendant's promises (the "IWPCA Time Shaving Sub-Class").

55.    Plaintiff brings Counts IV and VI as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other current and former Tip Credit Employees of Defendant who were not paid the full amount of overtime wages earned and owed to them.

56.    Plaintiff seeks certification of the following class pursuant to Count IV:

> All persons who worked for Defendant as Tip Credit Employees in Illinois at any time between June 18, 2009 and the present who did not receive the

full amount of overtime wages earned and owed to them (the "IMWL Tip Credit Employee Sub-Class").

57.     Plaintiff seeks certification of the following class pursuant to Count VI:

All persons who worked for Defendant as Tip Credit Employees in Illinois at any time between August 16, 2002 and the present who did not receive the full amount of overtime wages earned and owed to them (the "IWPCA Tip Credit Employee Sub-Class").

58.     There are questions of law or fact common to the employees described in paragraphs 53, 54, 56 and 57.

59.     Plaintiff believes that the number of employees who fall within the class definitions as set forth in paragraphs 53, 54, 56 and 57 exceeds 100. Therefore, the number of persons in the putative Sub-Classes described in paragraphs 53, 54, 56 and 57 is so numerous that joinder of all members is impracticable.

60.     Plaintiff is similarly situated to the employees in paragraphs 53, 54, 56 and 57 as Plaintiff's claims are typical of the claims of those persons.

61.     Plaintiff's claims or defenses are typical of the claims or defenses of the persons described in paragraphs 53, 54, 56 and 57.

62.     This is not a collusive or friendly action. Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and his counsel will fairly and adequately protect the interests of the persons described in paragraphs 53, 54, 56 and 57.

63.     A class action is the most appropriate method for the fair and efficient resolution of the matters alleged in Counts III through VI.

64.     At all relevant times, Defendant employed Plaintiff and the persons described in paragraphs 53, 54, 56 and 57.

65.     At all relevant times, Defendant paid Plaintiff and the persons described in paragraphs 53, 54, 56 and 57 to work.

66.     At all relevant times, Defendant has been an "employer" as defined by Section 3(c) of the Minimum Wage Law, 820 ILCS § 105/3(c), and Section 2 of the IWPCA, 820 ILCS § 115/2.

67.     At all relevant times, Plaintiff and members of the putative Sub-Classes have been "employees" of Defendant as defined by Section 3(d) of the Minimum Wage Law, 820 ILCS § 105/3(d), and Section 2 of the IWPCA, 820 ILCS § 115/2.

<u>COUNT I – FLSA</u>
(Improper Time Shaving of Employee Records)

68.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 51 as Paragraph 68 of this Count I.

69.     Plaintiff and the other members of the class described in paragraph 40 seek to recover from Defendant unpaid minimum wages and/or overtime wages, liquidated damages, attorneys' fees, and costs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216.

70.     At all times relevant, Defendant has been an "employer" as that term is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

71.     At all times relevant, Plaintiff and the other members of the class described in paragraph 40 have been "employees" of Defendant, as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

72.     During the relevant period, and at Defendant's request, Plaintiff and the other members of the class described in paragraph 40 performed labor for Defendant.

73.     In exchange for said labor, Defendant promised to pay and was otherwise obligated to pay Plaintiff and each other member of the class described in paragraph 40 the

applicable minimum wage for all hours worked up to forty hours in any given workweek, and time and a half for all hours worked in excess of forty hours in any given workweek.

74.     Plaintiff and the other members of the class described in paragraph 40 are entitled to be paid at least minimum wage for all hours worked, and time and a half for all hours worked in excess of forty hours per workweek, pursuant to Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206, 207.

75.     Defendant has failed to pay Plaintiff and the other members of the class described in paragraph 40 minimum wage and the full amount due for all overtime hours worked, because Defendant improperly manipulated the time records of Plaintiff and the other members of the class described in paragraph 40 by "shaving" or deleting time worked from those time records, and therefore did not pay them for all time worked, in violation of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206, 207.

76.     Defendant's violation of the FLSA was willful.

77.     Plaintiff and the other members of the class described in paragraph 40 have been damaged by not being paid minimum wage due to them for all time worked up to forty hours per workweek and/or the full amount of overtime wages due to them for all time worked in excess of forty hours per workweek, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, the Plaintiff demands a trial by jury on this and all counts so triable, and prays that this Court award him the following relief under Count I: (a) grant Plaintiff's counsel leave to send notice of this lawsuit to the members of the class described in paragraph 40 and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216; (b) award Plaintiff and all persons who opt-in all unpaid minimum or overtime wages they earned, including the amount of the Tip Credit, where applicable, plus liquidated

damages; (c) award Plaintiff and all persons who opt-in their attorneys' fees and costs; and (d)

grant such further relief as this Court deems equitable and just.

COUNT II – FLSA

(Failure to Pay Proper Overtime Wages)

78.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 51 as

Paragraph 78 of this Count II.

79.     Plaintiff and the other members of the class described in paragraph 42 seek to

recover from Defendant unpaid overtime wages, liquidated damages, attorneys' fees, and costs

pursuant to Section 16 of the FLSA, 29 U.S.C. § 216.

80.     At all times relevant, Defendant has been an "employer" as that term is defined by

Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

81.     At all times relevant, Plaintiff and the other members of the class described in

paragraph 42 have been "employees" of Defendant, as that term is defined by Section 3(e) of the

FLSA, 29 U.S.C. § 203(e).

82.     During the relevant period, and at Defendant's request, Plaintiff and the other

members of the class described in paragraph 42 performed labor for Defendant.

83.     In exchange for said labor, Defendant promised to pay and was otherwise

obligated to pay the Plaintiff and each other member of the class described in paragraph 42 the

proper amount of overtime wages for all time worked in excess of forty hours in any given

workweek.

84.     Plaintiff and the other members of the class described in paragraph 42 are entitled

to be paid the proper amount of overtime wages for all time worked in excess of forty hours per

workweek pursuant to Section 7 of the FLSA, 29 U.S.C. § 207.

14

85.     Defendant has failed to pay Plaintiff and the other members of the class described in paragraph 42 the full amount due for all overtime hours worked, because Defendant paid Plaintiff and the other members of the class described in paragraph 42 one and one-half times the reduced, tip-credit rate, for all time worked in excess of forty hours per week, rather than one and one-half times the full amount of minimum wage, less the amount of the Tip Credit, and therefore did not pay them the proper amount of overtime wages for all time worked in excess of forty hours per workweek, in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

86.     Defendant's violation of the FLSA was willful.

87.     Plaintiff and the other members of the class described in paragraph 42 have been damaged by not being paid the full amount of overtime wages due to them for all time worked in excess of forty hours per workweek, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, the Plaintiff demands a trial by jury on this and all counts so triable, and prays that this Court award him the following relief under Count II: (a) grant Plaintiff's counsel leave to send notice of this lawsuit to the members of the class described in paragraph 42 and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216; (b) award Plaintiff and all persons who opt-in all unpaid overtime wages they earned, including the amount of the Tip Credit, plus liquidated damages; (c) award Plaintiff and all persons who opt-in their attorneys' fees and costs; and (d) grant such further relief as this Court deems equitable and just.

COUNT III – ILLINOIS MINIMUM WAGE LAW
(Improper Time Shaving of Employee Records)

88.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 38 and 52 through 67 as Paragraph 88 of this Count III.

15

89.     Plaintiff, individually and on behalf of all others similarly situated, seeks to recover from Defendant unpaid minimum and overtime wages, statutory penalties, attorneys' fees, and costs pursuant to Section 12(a) of the Illinois Minimum Wage Law, 820 ILCS § 105/12(a).

90.     At all times relevant, Defendant has been an "employer" as that term is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

91.     At all times relevant, Plaintiff and the other members of the putative IMWL Time Shaving Sub-Class have been "employees" of Defendant, as that term is defined by Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

92.     At all times relevant, and at Defendant's request, Plaintiff and the other members of the putative IMWL Time Shaving Sub-Class performed labor for Defendant.

93.     Defendant's practice of requiring and/or permitting Plaintiff and the other members of the putative IMWL Time Shaving Sub-Class to work for Defendant but failing to pay the full amount of minimum wages for such time worked up to forty hours per workweek has resulted in Plaintiff and the other members of the putative IMWL Time Shaving Sub-Class not being paid the full amount of minimum wages owed to them, in violation of Section 4 of the IMWL, 820 ILCS § 105/4.

94.     Defendant's practice of requiring and/or permitting Plaintiff and the other members of the putative IMWL Time Shaving Sub-Class to work for Defendant in excess of forty hours per workweek but failing to pay them 1.5 times their hourly rate for such time worked has resulted in Plaintiff and the other members of the putative IMWL Time Shaving Sub-Class not being paid the full amount of overtime wages owed to them, in violation of Section 4a of the IMWL, 820 ILCS § 105/4a.

16

95.     Plaintiff and the other members of the putative IMWL Time Shaving Sub-Class have been damaged by not being paid the proper amount of minimum and/or overtime wages due to them, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury on this and all counts so triable, and prays that this Court award him the following relief under Count III: (a) certify the class defined in paragraph 53 pursuant to Fed. R. Civ. p. 23; (b) award Plaintiffs all unpaid minimum and overtime wages they earned, including the amount of the Tip Credit, where applicable, plus statutory penalties; (c) award Plaintiffs their attorneys' fees and costs; and (d) grant such further relief as this Court deems equitable and just.

## COUNT IV – ILLINOIS MINIMUM WAGE LAW
### (Failure to Pay Proper Overtime Wages)

96.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 38 and 52 through 67 as Paragraph 96 of this Count IV.

97.     Plaintiff, individually and on behalf of all others similarly situated, seeks to recover from Defendant unpaid overtime wages, statutory penalties, attorneys' fees, and costs pursuant to Section 12(a) of the Illinois Minimum Wage Law, 820 ILCS § 105/12(a).

98.     At all times relevant, Defendant has been an "employer" as that term is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

99.     At all times relevant, Plaintiff and the other members of the putative IMWL Tip Credit Employee Sub-Class have been "employees" of Defendant, as that term is defined by Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

100.     At all times relevant, and at Defendant's request, Plaintiff and the other members of the putative IMWL Tip Credit Employee Sub-Class performed labor for Defendant.

101.     Defendant's practice of requiring and/or permitting Plaintiff and the other members of the putative IMWL Tip Credit Employee Sub-Class to work for Defendant in excess of forty hours per workweek but failing to pay them 1.5 times their hourly rate for such time worked has resulted in Plaintiff and the other members of the putative IMWL Tip Credit Sub-Class not being paid the full amount of overtime wages owed to them, in violation of Section 4a of the IMWL, 820 ILCS § 105/4a.

102.     Plaintiff and the other members of the putative IMWL Tip Credit Employee Sub-Class have been damaged by not being paid the proper amount of overtime wages due to them, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury on this and all counts so triable, and prays that this Court award him the following relief under Count IV: (a) certify the class defined in paragraph 55 pursuant to Fed. R. Civ. p. 23; (b) award Plaintiffs all unpaid overtime wages they earned, including the amount of the Tip Credit, plus statutory penalties; (c) award Plaintiffs their attorneys' fees and costs; and (d) grant such further relief as this Court deems equitable and just

## COUNT V – ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### (Improper Time Shaving of Employee Records)

103.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 38 and 52 through 67 as Paragraph 103 of this Count V.

104.     Plaintiff, individually and on behalf of all others similarly situated, brings this Count V to recover from Defendant unpaid wages, overtime compensation, statutory penalties, attorneys' fees, and costs, pursuant to Section 14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14(a).

105.     At all times relevant, Defendant has been an "employer" as that term is defined by Section 2 of the IWPCA, 820 ILCS § 115/2.

106.     At all times relevant, Plaintiff and the other members of the putative IWPCA Time Shaving Sub-Class have been "employees" of Defendant, as that term is defined by Section 2 of the IWPCA, 820 ILCS § 115/2.

107.     At all times relevant, and at Defendant's request, Plaintiff and the other members of the putative IWPCA Time Shaving Sub-Class performed labor for Defendant.

108.     Plaintiff and the other members of the putative IWPCA Time Shaving Sub-Class are entitled to be paid the specified rates agreed upon for all hours they worked pursuant to Section 4 of the IWCPA, 820 ILCS § 115/4.

109.     Defendant entered into an agreement to pay Plaintiff and the other members of the putative Time Shaving IWPCA Sub-Class at an hourly rate agreed upon between each such person and Defendant for all work Plaintiff and the other members of the putative IWPCA Time Shaving Sub-Class performed.  Defendant also promised to pay Plaintiff and the other members of the putative IWPCA Time Shaving Sub-Class an amount of 1.5 times their agreed-upon and proper hourly rate for all time they worked in excess of forty hours per workweek.

110.     Defendant's policy and practice of improperly manipulating the time records of Plaintiff and the other members of the putative IWPCA Time Shaving Sub-Class by "shaving" or deleting time worked from those time records caused them to work without pay, in violation of the IWPCA.

111.     Defendant has failed to pay Plaintiff and the other members of the putative IWPCA Time Shaving Sub-Class the full amount due for all time worked, in violation of the IWPCA, 820 ILCS § 115/4.

112.    Plaintiff and the other members of the putative IWPCA Time Shaving Sub-Class have been damaged by not being paid the full amount of wages due to them for all time worked, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury on this and all counts so triable, and prays that this Court award him the following relief under Count V: (a) certify the class defined in paragraph 54 pursuant to Fed. R. Civ. P. 23; (b) award Plaintiffs all unpaid wages they earned, including the amount of the Tip Credit, where applicable, plus applicable statutory penalties; (c) award Plaintiffs their attorneys' fees and costs; and (d) grant such further relief as this Court deems equitable and just.

<u>COUNT VI – ILLINOIS WAGE PAYMENT AND COLLECTION ACT</u>
(Failure to Pay Proper Overtime Wages)

113.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 38 and 52 through 67 as Paragraph 113 of this Count VI.

114.    Plaintiff, individually and on behalf of all others similarly situated, brings this Count VI to recover from Defendant unpaid overtime compensation, statutory penalties, attorneys' fees, and costs, pursuant to Section 14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14(a).

115.    At all times relevant, Defendant has been an "employer" as that term is defined by Section 2 of the IWPCA, 820 ILCS § 115/2.

116.    At all times relevant, Plaintiff and the other members of the putative IWPCA Tip Credit Employee Sub-Class have been "employees" of Defendant, as that term is defined by Section 2 of the IWPCA, 820 ILCS § 115/2.

117.    At all times relevant, and at Defendant's request, Plaintiff and the other members of the putative IWPCA Tip Credit Employee Sub-Class performed labor for Defendant.

118.     Plaintiff and the other members of the putative IWPCA Tip Credit Employee Sub-Class are entitled to be paid the agreed upon and proper amount of wages for all hours they worked pursuant to Section 4 of the IWCPA, 820 ILCS § 115/4.

119.     Defendant promised to pay Plaintiff and the other members of the putative Tip Credit Employee IWPCA Sub-Class at an hourly rate agreed upon between each such person and Defendant for all work Plaintiff and the other members of the putative IWPCA Tip Credit Employee Sub-Class performed.  Defendant also promised to pay Plaintiff and the other members of the putative IWPCA Tip Credit Employee Sub-Class an amount of 1.5 times their agreed-upon and proper hourly rate for all time they worked in excess of forty hours per workweek, and promised that such hourly rate for all overtime worked would equal 1.5 times the full amount of the minimum wage in effect at the time, less the amount of the Tip Credit.

120.     Defendant's policy and practice of failing to pay Plaintiff and the other members of the putative IWPCA Tip Credit Employee Sub-Class the proper amount of overtime wages has caused those employees not to be paid the full amount of wages promised to them, in violation of the IWPCA.

121.     Defendant has failed to pay Plaintiff and the other members of the putative IWPCA Tip Credit Employee Sub-Class the full amount due for all time worked, in violation of the IWPCA, 820 ILCS § 115/4.

122.     Plaintiff and the other members of the putative IWPCA Tip Credit Employee Sub-Class have been damaged by not being paid the full amount of wages due to them for all time worked, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury on this and all counts so triable, and prays that this Court award him the

following relief under Count VI: (a) certify the class defined in paragraph 57 pursuant to Fed. R.

Civ. P. 23; (b) award Plaintiffs all unpaid wages they earned, including the amount of the Tip

Credit, plus applicable statutory penalties; (c) award Plaintiffs their attorneys' fees and costs; and

(d) grant such further relief as this Court deems equitable and just.

Respectfully submitted,

JOSEPH FORS, individually and on behalf
of a class of persons similarly situated

/s/ James X. Bormes
One of Plaintiff's Attorneys

James X. Bormes                         Peter E. Converse
Law Offices of James X. Bormes, P.C.    Converse Law Offices, LLC
8 South Michigan Avenue                 8 South Michigan Avenue
Suite 2600                              Suite 2600
Chicago, Illinois  60603                Chicago, Illinois  60603
(312) 201-0575                          (312) 789-9700